```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA              )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )
HEIDI A. BENHAM,                      )    CRIMINAL NO.
a/k/a Heidi Sacks,                    )    08-CR-10077-DPW
a/k/a Heidi Bejaminson,               )
                                      )
     Defendants.                      )
                                      )
```

ORDER
March 25, 2010

Upon consideration of the concerns raised by the parties and the Court regarding the defendant's mental and physical health conditions, and the Bureau of Prisons' ("BOP") ability to provide appropriate medical care for the defendant, and upon consideration of the Government's Proposal for a Presentence Study of Defendant Under 18 U.S.C. § 3552(b), it is hereby ordered that:

    1.   A presentence study of the defendant pursuant to 18 U.S.C. §3552(b) (the "study") be conducted.

    2.   The following doctors, who specialize in psychiatry, internal medicine, and obstetrics/gynecology, will conduct the study as independent, professional consultants (hereinafter, "consultants"):

       (a)   Lawrence A. Siegel, M.D.
            P.O. Box 367
            Hastings-on-Hudson, New York 10706

    (b)    Carmela Landes, M.D.
           10 Union Sq., E., Suite 3G
           New York, NY 10003

    (c)    John Christopher Petrozza, M.D.
           Massachusetts General Hospital
           Vincent Obstetrics and Gynecology
           55 Fruit Street, Yawkey 10A
           Boston, MA 02114

3. The United States shall pay all of the consultants' fees and costs associated with the study to be conducted by each consultant.

4. The United States and counsel for the defendant shall jointly contact the consultants to inform them of their selection and their task.

5. Each consultant is to conduct a full, forensic medical and/or psychiatric evaluation of the defendant, based upon a review of all of the defendant's medical records that previously have been collected by the parties and submitted to the Court, as well as an in-person examination of the defendant and other tests or documents (if deemed necessary and appropriate by the consultant).

6. At the conclusion of their evaluations, the consultants shall provide written reports to the Court identifying the range and scope of appropriate treatments (including the range of various medications that may be necessary) for any of the defendant's medical conditions.

7. The consultants' reports shall review the two letters provided by BOP to the Court in this case, and opine, to the extent possible, as to whether BOP is able to provide medical

care for the defendant that is within the range and scope of appropriate treatments for the defendant, as identified by the consultants.

8. After the contact described in paragraph 4 above, the consultants shall not have any contact with counsel for the parties, Probation, or BOP without first obtaining permission from the Court. However, the consultants may have contact with the defendant as necessary to complete their evaluation of her mental and physical health.

9. The consultants' reports shall be provided to the Court, the United States, and counsel for the defendant within sixty days of the date of this Order unless otherwise ordered by the Court. If the United States, the BOP, and/or the defendant wish to submit a response to any of the consultants' reports, they shall file a motion with the Court for leave to do so.

10. Pursuant 18 U.S.C. §3552(b), for administrative purposes, the defendant is provisionally sentenced to a term of 20 years imprisonment for each of Counts One through Eight of the Indictment and 3 years for each of Counts Nine through Fifteen. This provisional sentence is suspended while the study is ongoing and is subject to modification at the final sentencing hearing.

11.  After receipt of the reports from the consultants, the Court will set a date for imposing a final sentence on the defendant.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE